UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SS&C TECHNOLOGIES, INC.,

                            Plaintiff,

v.

KRISTINA SPILLANE,

                            Defendant,

and

FIDELITY NATIONAL INFORMATION
SERVICES, INC.,

                            Relief Defendant.

Case No.: 1:20-cv-00595 (AKH)

[~~Proposed~~] Order Modifying
Consent Order [Dkt. No. 33]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/18/2020

THIS MATTER came to be heard on [DATE], on Relief Defendant Fidelity National Information Services, Inc.'s ~~objections~~ objects to the Consent Order filed by Plaintiff SS&C Technologies, Inc. ("SS&C") and Defendant Kristina Spillane ("Spillane") and signed by the Court on March 2, 2020 (Dkt. Nos. 32, 33);

The Court having considered FIS's objections, and the arguments and presentation of counsel,

**THE COURT HEREBY FINDS AS FOLLOWS**:

A.    This is an action by SS&C for damages and injunctive relief in connection with Spillane's alleged misappropriation of SS&C's documents that contained SS&C's confidential, proprietary, or trade secret information (the "SS&C Confidential Information") in violation of the Defend Trade Secrets Act of 2016, Pub. L. 114-153, 130 Stat. 376, codified at 18 U.S.C. § 1836 *et seq.*

B.  Pursuant to Fed. R. Civ. P. 65, SS&C sought a preliminary injunction preventing any further use or disclosure by Spillane, FIS, and its officers, agents, servants, and employees, or any other persons who are in active concert or participation with them of SS&C's Confidential Information.

C.  On January 28, 2020, this Court entered an Order denying Plaintiff's Motion for Preliminary Injunction and Expedited Discovery ("Motion for Preliminary Injunction) with respect to FIS and granting Plaintiff's Motion for Preliminary Injunction with respect to Spillane. (Dkt. No. 8 at 3).

D.  The Court's January 28, 2020 Order set February 6, 2020 as the deadline for Spillane to file and serve any opposition to SS&C's Motion for Preliminary Injunction. (Dkt. No. 8 at 5).

E.  Prior to filing an opposition, Spillane requested three separate adjournments of the due date because Spillane and SS&C "have engaged in discussions concerning resolution and are currently negotiating the terms of a proposed consent order." (Dkt. No. 28; *see also* Dkt. Nos. 23, 30).

F.  FIS was not a party to SS&C and Spillane's negotiations regarding the proposed Consent Order.

G.  FIS's only knowledge of those negotiations was that such negotiations were ongoing.

H.  FIS informed SS&C that it had no issue with SS&C and Spillane negotiating a proposed Consent Order between the two of them, but that FIS would not be a party to a consent decree and would not agree to any injunctive relief against FIS.

I. On March 2, 2020, SS&C and Spillane filed their proposed Consent Order with the Court (Dkt. No. 32) without sharing or discussing the terms of the proposed Consent Order with FIS.

J. At no time prior to the filing did FIS consent to the entry of an order that would impose injunctive relief on FIS.

K. Upon receipt of the proposed Consent Order, FIS raised three objections with the proposed Consent Order to SS&C and Spillane: (i) the third WHEREAS paragraph stated that the Court had granted SS&C's Motion for Preliminary Injunction without limiting the statement to Spillane or properly acknowledging that the Motion was denied as to FIS; (ii) Paragraph C on page 3 referred to "[t]he parties" without defining "the parties," and, thus, implied that FIS consented to the entry of the proposed Consent Order, which it had not; and (iii) through Paragraph E on page 3, SS&C and Spillane, without FIS's knowledge or consent, improperly stipulated to extend the scope of the injunction to include FIS.

L. Counsel for all parties held a conference call on March 2, 2020 to address FIS's objections and potential modifications to the proposed Consent Order.

M. Before the parties could reach an agreement as to FIS's objections, the Court signed SS&C and Spillane's proposed Consent Order. (Dkt. No. 33).

N. By joint letter to the Court, the parties raised FIS's objections to the Consent Order and request for modification of the Consent Order. (Dkt. No. 34).

O. In response, the Court held that: "The case cannot be settled without some language binding FIS. I suggest that below the parties' execution of the stipulation, and above my 'so ordered' signature, that language be added to the effect that FIS, although not a party to the consent decree, agrees not to disclose any SS&C Confidential Information." (Dkt. No. 35).

P.  Counsel for the parties exchanged proposed language intended to address the Court's Order, but could not reach a compromise.

Q.  By joint letter to the Court, FIS and SS&C again raised FIS's objectons to the Consent Order and request for modification to the Consent Order, and submitted their respective proposed orders.

R.  FIS's objections were heard before this Court on [DATE], at which counsel for all parties were present.

**IT IS HEREBY:**

**ORDERED** that, pursuant to Fed. R. Civ. P. 65, SS&C's request for a permanent injunction against FIS is denied;

**AND IT IS FURTHER ORDERED** that SS&C and Spillane's proposed Consent Order (Dkt. No. 32) and the Court's March 2, 2020 Order granting the proposed Consent Order (Dkt. No. 33) shall be modified as follows:

A.  The phrase "against Spillane" shall be added to the Third WHEREAS paragraph, which shall be revised to read: "WHEREAS, this Court entered an Order granting SS&C's Motion for Preliminary Injunction against Spillane (the "Order") on January 27, 2020 (Dkt. No. 8 at 3)";

B.  The phrase "The parties" shall be struck from Paragraph C on Page 3, which shall be revised to read: "SS&C and Spillane consent to the entry of this Consent Order"; and

C.  The phrase "and any person within the scope of Federal Rule of Civil Procedure 65(d)(2) (including her employer")" shall be struck from Paragraph E on Page 3, which shall be revised to read: "Spillane is permanently enjoined, barred, and

    prohibited from disclosing any SS&C Confidential Information to anyone outside of SS&C."

D. Below the stipulation between SS&C and Spillane, and above the Court's "so ordered" signature, the following language shall be added:

  **IT IS FURTHER ORDERED THAT:**

  FIS has confirmed that it is not in possession, custody or control of SS&C Confidential Information and agrees that, to the extent it gains possession, custody or control of SS&C Confidential Information, it would not use or disclose SS&C Confidential Information.

         SO ORDERED:

         _____
         Alvin K. Hellerstein
         United States District Judge

DATED: March 18, 2020

5